# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**GROVER BEST LP**                                                              **PLAINTIFF**

**V.**                                                            **NO. 4:25-CV-61-DMB-JMV**

**BOLIVAR COUNTY COMMUNITY**
**ACTION AGENCY, INC.**                                          **DEFENDANT**

## ORDER

On May 30, 2025, Grover Best LP moved for additional time—until June 6—"to provide additional information to the Court as ordered on May 19, 2025, and to potentially amend the Complaint." Doc. #5 at 4. As cause, Grover Best represents:

> Since the entry of this Court's Order, [its] counsel has been conferring with [it] regarding the identity and citizenship of its partners. … [N]o partner is a citizen of this State. However, there are several partners, some of which are limited liability companies, and [it], along with its counsel, is working diligently to provide the most complete and accurate information possible.

*Id.* at 1–2.

Upon consideration, the motion [5] is **GRANTED**. Grover Best has through and until June 6, 2025, to respond to the Court's May 19 show cause order, including filing an amendment to the jurisdictional allegations in the complaint.[1]

**SO ORDERED**, this 30th day of May, 2025.

                                                                     **/s/Debra M. Brown**
                                                                     **UNITED STATES DISTRICT JUDGE**

---

[1] Grover Best is cautioned that a negative allegation of citizenship does not satisfy the requirement that citizenship be alleged distinctly and affirmatively. *See, e.g.*, *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (allegation that defendant was not a citizen of certain states was insufficient to establish citizenship for jurisdictional purposes).